IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

STEVEN BREITKREUTZ and )
ORVILLE HILLIS, )
 )
               Plaintiffs, )     No. C03-2016-EJM
 )
  vs. )     ORDER
 )
CAMBREX CHARLES CITY, INC., f/k/a )
SALSBURY CHEMICALS, INC., )
 )
               Defendant. )

This matter is before the court on defendant's resisted Motion for Summary Judgment against Steven Breitkreutz, filed January 3, 2005, and on defendant's unresisted Motion for Summary Judgment against Orville Hillis, filed February 1, 2005. Briefing concluded March 9, 2005. Granted.

Plaintiffs, residents of Charles City, Iowa, brought this action against defendant, an Iowa corporation located in Charles City, seeking damages and equitable relief for claimed disability discrimination in violation of the Americans with Disabilities Act (ADA), 42 USC §12101, et seq., the Iowa Civil Rights Act, IC §216, and for violations of the Family and Medical Leave Act (FMLA), 29 USC §2601 et seq. The court has jurisdiction pursuant to 28 USC §§1331 and 1367.

At the outset, the court notes that defendant's motion is unresisted as against plaintiff Hillis, and that plaintiff Breitkreutz has withdrawn his claim under the FMLA. Accordingly, the motion shall be granted as to Hillis pursuant to LR 7.1.e, and Breitkreutz's FMLA claim shall be dismissed.

The gist of Breitkreutz's ADA and IC §216 claim is that defendant perceived him as having an impairment that substantially limits one or more of his major life activities, to wit, working and/or lifting, and terminated him due to that misconception or stereotype.[1] Plaintiff asserts that he was qualified to do the essential functions of his job, but that he was terminated as a result of his perceived disability.

In support of its Motion for Summary Judgment, Cambrex asserts that Breitkreutz incurred lower back problems in 1999-2000. Cambrex urges that it did not then regard plaintiff as having an impairment that substantially limited a major life activity, and that it viewed the condition as temporary, and therefore not as a disability. Further, Cambrex urges that Breitkreutz had only a general lifting restriction, which it contends is insufficient to constitute a disability within the meaning of the ADA. Moreover, Cambrex asserts that it in reviewing plaintiff's lifting restriction, it relied upon information from physicians as a basis for its interactions with plaintiff, and therefore it has not perceived Breitkreutz to be disabled based upon impermissible "myths, stereotypes, or archaic attitudes." Additionally, Cambrex

---

[1] It appears undisputed that the same standards apply to both the state and federal claims.

contends that Breitkreutz could not perform the essential functions of his job, that he was provided reasonable accommodations, and that he failed to cooperate with Cambrex to the extent that he was responsible for a breakdown of the interactive process. Finally, Cambrex seeks summary judgment on the claim for punitive damages, asserting that Breitkreutz cannot show that Cambrex acted with malice or reckless indifference.

> Fed. R. Civ. P. 56(c) provides that summary judgment shall be entered if the "pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any, show that there is not a genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In deciding whether to grant a motion for summary judgment, the district court must view the evidence in favor of the party opposing the motion and give him the benefit of all reasonable inferences. Kegel v. Runnels, 793 F.2d 924, 926 (8th Cir. 1986). However, parties opposing a summary judgment motion may not rest merely upon the allegations in their pleadings. Buford v. Tremayne, 747 F.2d 445, 447 (8th Cir. 1984). The opposing parties must resist the motion by setting forth specific facts showing that there is a genuine issue of material fact for trial. Id., (citing Fed. R. Civ. P. 56(e) and Burst v. Adolph Coors Co., 650 F.2d 930, 932 (8th Cir. 1981)).

Green v. St. Louis Housing Authority, 911 F.2d 65, 68 (8th Cir. 1990).

In order to establish a case of perceived disability under the ADA, plaintiff must show that the defendant mistakenly regarded him as having an impairment that substantially limited one or more major life activities, or mistakenly believed that he had an actual, non-limiting impairment which substantially limited one or more major life activities. Sutton v. United Air Lines, 527 US 471, 489 (1999). "The provision addressing perceived disabilities is 'intended to combat the effects of archaic

attitudes, erroneous perceptions, and myths that work to the disadvantage of persons with or regarded as having disabilities.'" Brunko v. Mercy Hospital, 260 F3d 939, 942 (8th Cir. 2001), citing Wooton v. Farmland Foods, 58 F3d 382, 385 (8th Cir. 1995).

Upon review of the record in light of the appropriate standards, the court is satisfied that there exists no disputed issue of material fact as to whether the lifting restriction was based upon the recommendations of physicians, and therefore Cambrex's perception was not based upon myths or archaic attitudes about the disabled. See Brunko, 260 F3d at 941-942. Finally, apart from the mere allegation, the court finds that plaintiff has not come forward with a disputed issue of material fact as to whether Cambrex perceived plaintiff to be substantially limited in the major life activity of working.

Due to the court's finding that plaintiff has not met the first element of perceived disability of a prima facie case under the ADA, Cambrex's motion shall be granted.

It is therefore

ORDERED

Motion for Summary Judgment granted as against plaintiff Hillis.

Breitkreutz's FMLA claim is dismissed.

Motion for Summary Judgment granted as against plaintiff Breitkreutz.

June 9, 2005.

*Edward J. McManus*
Edward J. McManus, Judge
UNITED STATES DISTRICT COURT